This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Wayne Wood, contests the maximum sentence imposed by the Summit County Court of Common Pleas. We reverse and remand for resentencing.
{¶ 2} On July 15, 1999, Defendant was indicted on five different counts: burglary, in violation of R.C. 2911.12(A)(1); attempted burglary, in violation of R.C. 2911.12(A)(1) and R.C. 2923.02; possessing criminal tools, in violation of R.C. 2923.24; resisting arrest, in violation of R.C. 2921.33(A); and menacing, in violation of R.C. 2903.22. The indictment was amended on September 16, 1999, to include possession of cocaine, in violation of R.C. 2925.11(A). On January 19, 2000, Defendant pled guilty to count one of the indictment which was amended to the lesser included offense of burglary, a felony of the third degree. The remaining counts were dismissed.
{¶ 3} A presentence investigation report and victim impact statement were ordered and the matter proceeded to sentencing on April 11, 2000. At the hearing, Defendant moved to withdraw his guilty plea. The motion was denied and Defendant was sentenced to the maximum five years for the crime of burglary, a felony of the third degree.
{¶ 4} On April 12, 2002 Defendant filed a pro se notice of appeal and motion for delayed appeal. This Court granted the motion for delayed appeal in part, stating that the appeal is strictly limited to the issues regarding Defendant's sentence. Thereafter, Defendant filed his appeal and raised three assignments of error. For ease of review, assignments of error one and two will be addressed jointly.
 ASSIGNMENT OF ERROR I
{¶ 5} "The court erred in ordering the maximum sentence without making findings providing a basis for a maximum sentence in accordance with [the] statute[.]"
 ASSSIGNMENT OF ERROR II
{¶ 6} "The court abused its discretion in sentencing * * * Defendant to the maximum sentence given his criminal history and the nature of the offense committed[.]"
{¶ 7} In his first and second assignments of error, Defendant asserts that the trial court erred in sentencing him to the maximum five years for a felony of the third degree. Specifically, Defendant maintains that the court failed to make the requisite findings under R.C. 2929.14(C). We agree.
{¶ 8} An appellate court may remand a matter to the trial court for resentencing if it finds that the trial court clearly and convincingly acted contrary to law. R.C. 2953.08(G)(2)(b). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477.
{¶ 9} The overriding purpose of felony sentencing is to punish the offender and to protect the public from future criminal acts. R.C. 2929.11. R.C. 2929.12 provides that the trial court shall consider certain factors relating to the seriousness of the offender's conduct and others relating to the likelihood of the offender's recidivism. The Ohio Supreme Court has held that R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors. State v. Arnett
(2000), 88 Ohio St.3d 208, 215. See State v. Neptune, 9th Dist. No. 3171-M, 2001-Ohio-1768, at 4.
{¶ 10} A trial court may impose the maximum prison term upon an offender if he falls into one of four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as provided in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as provided in R.C. 2929.14(D)(2). R.C. 2929.14(C). When imposing a maximum sentence, "the trial court must make a finding with respect to one of the four categories and specify its reasons for imposing the maximum sentence." State v. Newman, 9th Dist. No. 20981, 2002-Ohio-4250, at ¶ 8, citing R.C. 2929.19(B)(2)(d). See, also,State v. Edmonson, (1999) 86 Ohio St.3d 324, 329. This Court has held that the trial court's findings may be in either the transcript of the sentencing hearing or present in the journal entry. State v. Pacely, 9th Dist. No. 01CA007784, 2002-Ohio-951, at ¶ 7, citing State v. Riggs
(Oct. 11, 2000), 9th Dist. No. 19846, at 3-4.
{¶ 11} In this case, the record shows, and the State has conceded, that the trial court failed to make the necessary findings, pursuant to R.C. 2929.14(C), when imposing the maximum sentence upon Defendant. Accordingly, Defendant's sentence is vacated and his case remanded for resentencing.
 ASSIGNMENT OF ERROR III
{¶ 12} "Counsel was ineffective at sentencing in that he failed to sufficiently address the fact pattern leading to conviction and the time between Defendant's prior criminal activity and the instant offense[.]"
{¶ 13} In light of our disposition in assignments of error one and two, we need not address assignment of error three, as it is now rendered moot. See App.R. 12(A)(1)(c).
{¶ 14} Defendant's first and second assignments of error are sustained and his third assignment of error is not addressed. Accordingly, Defendant's sentence is vacated and his case is remanded for resentencing.
{¶ 15} The Court finds that there were reasonable grounds for this appeal.
{¶ 16} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 17} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BAIRD, J. CONCURS.
CARR, J .CONCURS IN JUDGMENT ONLY